# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DEREK EVAN DELPORTE**                                            **PLAINTIFF**

v.                                       **CAUSE NO. 1:25-cv-00146-LG-BWR**

**MATT HALEY, et al.**                                           **DEFENDANTS**

## ORDER OF DISMISSAL FOR LACK OF PROSECUTION

**THIS MATTER IS BEFORE THE COURT** *sua sponte*. On May 22, 2025, *pro se* Plaintiff Derek Evan Delporte filed this lawsuit under 42 U.S.C. § 1983, naming as Defendants Matt Haley; Memorial Hospital, Gulfport, MS; Vital Core Health Strategies; Acadian Ambulance Emergency Transport; and Major Evan Hubbard. Plaintiff requested leave to proceed *in forma pauperis*, and the case is presently being screened under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*.

On June 3, 2025, the Court provided Plaintiff with a packet of information relevant to the prosecution of this lawsuit. Plaintiff was directed "that if he . . . wants to continue with this case," to "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." Order [5] at 1. Alternatively, "if he . . . wants to dismiss this case," Plaintiff was directed to "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days." *Id*. Plaintiff was warned that his "failure to return one or the other of the forms within thirty (30) days and his . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte,

without prejudice, without further written notice." *Id.* at 2 (emphasis omitted). That Order [5] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order [5] by the thirty-day deadline, but he notified the Court about a change of address on June 5, 2025.

On July 14, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order. His responsive deadline was extended to July 28, 2025, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to him." Order [9] at 2. The Order to Show Cause, with a copy of the Court's June 3, 2025 Order, was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not comply with the Court's Order to Show Cause by the July 28 deadline.

The Court entered a Second and Final Order to Show Cause on August 8, 2025. The Court extended Plaintiff's responsive deadline to August 22, 2025, and warned him again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." Order [11] at 3. Plaintiff was cautioned that this was his "final opportunity" to comply with the Court's Orders. *Id.* The Second and Final Order to Show Cause, with a copy of the

2

Court's June 3, 2025, and July 14, 2025 Orders, was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable. Plaintiff did not comply with the Second and Final Order to Show Cause by the August 22, 2025 deadline, nor has he notified the Court about another change of address.

The Court may dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "inherent power . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (quotation omitted); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming *sua sponte* dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This record reflects that lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). Plaintiff did not comply with three Court Orders, after being warned a total of five times that failing to do so may lead to the dismissal of this case. Despite these warnings, Plaintiff has not contacted the Court or taken

any action in this case since June 5, 2025.  Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 5th day of September, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE